UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,          :
                                                      :                  **SUMMARY ORDER**
               -against-             :
                                                      :                  11-CR-107 (DLI)
IVAN BOSTON,                            :
                                                       :
                          Defendant.    :
------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

     On September 14, 2011, defendant Ivan Boston was found guilty after a trial by jury of violating Title 18, United States Code, Section 922(g)(1), the unlawful possession of a weapon by a person previously convicted of a felony. Despite being represented by able counsel throughout the duration of his trial, the defendant has filed multiple *pro se* motions and letters with the court. Before the court now is defendant's *pro se* letter, captioned "Formal Complaint," alleging ineffective assistance of counsel and complaining that certain discovery was not made available to the defense. (*See* Docket Entry 52.) Because the issues raised in the defendant's letter were addressed, and denied, after the conclusion of the September 8, 2011 suppression hearing, the defendant's application is denied as moot and frivolous.

     Defendant files this complaint against his defense counsel because she declined to file what amounts to a frivolous motion to suppress a phone call between Police Officer Catano and Police Officer Ponce, wherein the first officer asked the second officer for assistance in investigating the circumstances surrounding defendant's possibly being drunk behind the wheel vehicle that was stopped at a traffic light that had gone through cycles, prior to the defendant's arrest. Defense counsel was duty-bound not to entertain such a frivolous motion and, thus, properly declined to file it. Nonetheless, despite being represented, the defendant filed a *pro se*

1

motion to suppress the contents of the phone call. (*See* Docket Entry 28.) The court need not address a *pro se* motion filed by a defendant when he is represented by defense counsel, especially where, as here, the defendant persists in raising the same arguments repeatedly despite the court's rulings. *See, e.g., Major v. U.S.*, 2011 WL 3348085, at *5 (E.D.N.Y. Aug. 2, 2011) (where petitioner is ably represented by counsel the court will not consider *pro se* filings).

Nevertheless, on September 8, 2011, the court held a suppression hearing, during which the defendant's application to suppress the contents of the phone call was addressed. The court found the police officers' testimony at the hearing to be credible. Specifically, the court found that Police Officer Catano's phone call to Police Officer Ponce was made pursuant to the regular procedure of the Conditions Unit to which the officers were assigned. The court further found that no 9-1-1 calls were made in this case nor were recordings made of the telephone call between Officer Catano and Officer Ponce. In fact, the officers were not required to make such a recording. Accordingly, the court found the defendant was provided with all discovery in his case and his motion to suppress the contents of the phone call was denied. The court notes further that the government had provided the defense with discovery on an ongoing basis and defendant was provided with Jencks Act material in a timely fashion, both prior to the hearing and trial. *See* 18 U.S.C. § 3500, *et. seq*.

This case went to trial before a jury and the defendant was found guilty.[1] Among the evidence presented at trial was a recording of a telephone conversation between the defendant and a female acquaintance made while the defendant was detained at the Metropolitan Detention Center on this case. During the phone call the defendant admitted to the same facts the officers testified to during both the suppression hearing and trial, including the fact that he was

---

[1] Despite repeated admonitions to defendant, both by the court and his counsel and on the record, as to his constitutional right to be present at all stages of the proceedings in this case, the defendant voluntarily and knowingly chose to absent himself from the suppression hearing, jury selection, and the trial.

intoxicated, asleep at the wheel of his vehicle and in possession of two firearms. What was not introduced as evidence before the jury, but was played for the court at the suppression hearing, was a longer clip of the phone conversation wherein the defendant made statements regarding his plan to "beat his case" by concocting a theory that the officers had no probable cause to arrest him.

What has been clear to the court throughout this trial is that the defendant has been trying to manufacture an ineffectiveness claim against his counsel when, in the court's view, there clearly is no validity to such claim. The defendant was first represented by experienced and able counsel from the Federal Defenders Office, and subsequently was represented by two able and experienced attorneys from this district's Criminal Justice Act Panel. Defendant's current counsel is his third in this case. Each attorney has represented the defendant zealously, with integrity, skill, and the extraordinary patience of Job. Defendant's current counsel has represented to the court that she has provided the defendant with daily transcripts from both the suppression hearing and trial. Indeed, the court authorized counsel to obtain the copies of the hearing and trial minutes. Furthermore, during the trial, the defendant had the benefit of additional *pro bono* counsel who is skilled in Second Circuit appellate practice. Accordingly, in the view of the court, defendant's allegation of ineffective assistance of counsel is utterly without merit. Further, the defendant's complaint that he has been denied full discovery in this case is belied by the record and is frivolous. To the extent defendant requests a remedy as to the alleged deprivation of discovery it is denied as moot and without basis.

**Conclusion**

For the foregoing reasons, the court finds defendant's claim of ineffective assistance of counsel to be utterly without merit and as is his claim that he has been denied discovery. To the extent defendant requests a remedy as to the alleged deprivation of discovery it is denied as moot and without basis.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2011

/s/
DORA L. IRIZARRY
United States District Judge