# THE LAW OFFICE OF ELIZABETH E. MACEDONIO
--------------------------------------------------- ATTORNEY AT LAW ---------------------------------------------------

42-40 BELL BOULEVARD
SUITE 302
BAYSIDE, NEW YORK 11361

TELEPHONE: (718) 279-3770
FAX: (718) 281-0850
Email: emacedonio@yahoo.com

January 27, 2012

**Via ECF and First Class Mail**

Honorable Dora L. Irizarry
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. Ivan Boston
               11 Cr. 107 (DLI)

Dear Judge Irizarry:

      This letter is submitted for Your Honor's consideration in the sentencing of Ivan Boston. After reviewing the facts set forth below, it is requested that the Court fashion a fair and just sentence that complies with Title 18 U.S.C. §3553(a). Sentencing is currently set for February 10, 2012.

I     **Facts of the Case and the Presentence Report**

      On or about January 16, 2011, Ivan Boston was arrested by officers from the New York City Police Department while stopped at a traffic light in Brooklyn, New York. The government contends that Mr. Boston was intoxicated and had fallen asleep while operating his motor vehicle. The government further advances that two weapons were found in Mr. Boston's possession upon his arrest and that Mr. Boston had previously been convicted of a felony.

      On September 14, 2011, Mr. Boston was found guilty after a jury trial.

      As advanced during the trial, Mr. Boston maintains his innocence. Accordingly, he objects to the recitation of the facts set forth in the Presentence Report ("PSR"). Mr. Boston's formal objections were sent to the Probation Department by way of letter dated December 6, 2011. In addition, the addendum to the PSR includes a two-point enhancement for obstruction of justice. As Mr. Boston maintains his innocence, he advances that the two point enhancement does not apply.

Honorable Dora L. Irizarry
United States District Judge
January 27, 2012
Page 2 of 4

## II.   The 3553(a) Factors

As Mr. Boston stands before the Court for sentencing, he is forty-two years of age. While he has spent a significant amount of his adult life in custody, he continues to maintain close relationships with family and friends. These individuals remain supportive of Mr. Boston and are eager to continue their relationships with him upon his release. Their support is reflected in the PSR and in the letters sent directly to the Court.

Mr. Boston was raised in an abusive home. His father regularly beat both Mr. Boston and his mother with his hands and other household objects. His brother was seen as a "softer" individual and thus spared from their father's rage. On at least two occasions, Mr. Boston recalls being taken to the hospital after suffering violence at his father's hand. In order to escape the violence, Mr. Boston began smoking marijuana which quickly became a habit. His life spiraled out of control. He began committing low-level crimes and dropped out of school. It was a cycle from which Mr. Boston seemed unable to escape.

Despite his past, Mr. Boston has been a positive influence in his daughter Arquasia's life. Moreover, Mr. Boston has a newborn son who will need his father's support in many ways during his upbringing. He intends to be there every step of the way.

## III.   The Law

The Supreme Court has found that the statutory provisions that made the Untied States Sentencing Guidelines mandatory violated a defendant's Sixth Amendment rights and excised those sections from the United States Code. *See United States v. Booker*, 125 S.Ct. 738 (2005). The Court in *Booker,* however, did not eliminate the Guidelines. The Guidelines are "advisory" ruled the majority in the so-called "remedy" opinion of the Court authored by Justice Stephen Breyer. This decision was further clarified in *Cunningham v. California*, 127 S.Ct. 856 (2007). Although a district court is still required to consider the sentencing range applicable to a particular person, the Court has the authority to impose a non-Guidelines sentence that is "reasonable" under all of the circumstances. *See United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

More recently, the Supreme Court rendered opinions with regard to two additional cases interpreting the Sentencing Guidelines: *Gall v. United States*, 128 S.Ct. 586 (2007), and *Kimbrough v. United States*, 128 S.Ct. 558 (2007).

In *Gall*, the Supreme Court restored broad discretion to district judges by encouraging them to impose the sentence they deem most appropriate after considering all of the sentencing

Honorable Dora L. Irizarry
United States District Judge
January 27, 2012
Page 3 of 4

factors set forth in 18 U.S.C. § 3553(a). The Guidelines should be "the starting point and the initial benchmark" of a reasonable sentence, the sentencing judge "may not presume that the Guideline range is reasonable" and instead "must make an individualized assessment based on the facts presented." *Gall* at 596-597. Thus, the Court rejected the Eighth Circuit's decision requiring that a below-Guidelines sentence need be justified by "extraordinary circumstances." *Gall* at 595.

In *Kimbrough* the Supreme Court held that a district judge may consider the crack/powder disparity when sentencing crack cocaine offenders, and impose a below-Guidelines sentence if it determines that a Guidelines sentence is "greater than necessary" to serve the objectives of sentencing set forth at 18 U.S.C. § 3553(a). The Court also rejected the Fourth Circuit's rationale that a sentence outside the Guidelines is "per se unreasonable" because it is based on a disagreement with the crack-powder disparity, stating:

> We hold that, under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 621, the cocaine Guidelines, like all other Guidelines, are advisory only, and the Fourth Circuit erred in holding the crack/powder disparity effectively mandatory. A district judge must include the Guidelines range in the array of factors warranting consideration, but the judge may determine, that, in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing. 18 U.S.C. § 3553(a). In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses.

*Kimbrough* at 560.

These two decisions make it abundantly clear that the Guidelines are but one of the several factors which a sentencing court must consider in imposing sentence. For guidance, the Supreme Court directed sentencing courts to 18 U.S.C. §3553(a).

The directives of *Booker* and § 3553(a) make clear that courts may no longer uncritically apply the Guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in *Booker*, which rejected mandatory Guideline sentences based on judicial fact finding, as well as the remedial majority in *Booker*, which directed courts to consider all of the § 3553(a) factors, many of which the Guidelines either reject or ignore." *United States v. Ranum*, 353 F. Supp.2d 984, 985-86 (E.D. Wisconsin 2005).

Honorable Dora L. Irizarry
United States District Judge
January 27, 2012
Page 4 of 4

### IV.  Conclusion

The sentence imposed upon Mr. Boston must be one that is "sufficient, but not greater than necessary" to provide (1) "just punishment," (2) "adequate deterrence," (3) "protection for] the public," and (4) "needed educational or vocational training." 18 U.S.C. § 3553(a). After reviewing all of the facts of this case, we ask that the Court impose a fair and just sentence.

Respectfully submitted;

*Elizabeth E. Macedonio*

Elizabeth E. Macedonio
*Attorney for the Defendant*
*Ivan Boston*

cc: Michael Canty, AUSA – Via Electronic Mail