# UNITED STATES DISTRICT COURT

Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>IVAN BOSTON | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 11-CR-107<br>USM Number: 78886-053<br><br>Elizabeth E. Macedonio, Esq.<br>Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☑ was found guilty on count(s)    1 of indictment
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Felon in possession of a firearm, a Class C felony | 1/16/2011 | 1 |

   The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/10/2012
Date of Imposition of Judgment

**S/ Dora L. Irizarry**

Signature of Judge

Dora L. Irizarry        U.S. District Judge
Name of Judge                Title of Judge

June 20, 2012
Date

DEFENDANT:  IVAN BOSTON
CASE NUMBER:  11-CR-107

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

One hundred twenty (120) months.

☑ The court makes the following recommendations to the Bureau of Prisons:

1) Designation to a facility near the New York City area;
2) Participation in educational/vocational training;
3) Participation in RDAP or other drug treatment program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: IVAN BOSTON
CASE NUMBER: 11-CR-107

Judgment—Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
Three (3) years.

The defendant must report to the probation office in the districtto which the defendant is released within 72 hours of releasefrom the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additionalconditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the pro bation officer for schooling, training, o r other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
   or if such prior notification is not possible, then within forty eight hours after such change;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreem ent to act as an informer or a special agent of a law enforcem ent agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall perm it the probation officer to m ake such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: IVAN BOSTON
CASE NUMBER: 11-CR-107

Judgment—Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not possess a firearm, ammunition, or destructive device;

2. The defendant shall submit his or her person, residence, place of business, vehicle or any other premises under his or her control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted in a reasonable manner and at a reasonable time. The defendant's failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition;

3. For a period of six months, the defendant shall comply with a curfew via electronic monitoring as directed by the U.S. Probation Department. The defendant will remain at his or her place of residence from 7:00 p.m. to 7:00 a.m. The Probation Department may designate another eight- hour respective time period, if the defendant's employment, education, or observance of religious services preclude the above specified times. The curfew via electronic monitoring shall commence on a date approved by the Probation Department. During the curfew period, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for the curfew via electronic monitoring by the Probation Department. In addition, the defendant shall pay all costs, including the price of the electronic monitoring equipment, to the degree he is reasonably able. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay;

4. The defendant shall participate in an outpatient and/or inpatient drug treatment or detoxification program approved by the U.S. Probation Department. The defendant shall contribute to the costs of such treatment/detoxification not to exceed an amount determined reasonable by the Probation Department's Sliding Scale for Substance Abuse Treatment Services, and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay. The defendant shall not consume any alcohol or other intoxicants during and after treatment/detoxification, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department. The defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol;

5. The defendant shall participate in anger management treatment, as approved by the U.S. Probation Department. The defendant shall contribute to the cost of services rendered, via co-payment or full payment, in an amount to be determined by the Probation Department, based upon the defendant's ability to pay and/or the availability of third-party payment;

6. The defendant shall maintain fulltime and verifiable employment;

7. The defendant shall comply with the forfeiture order;

8. If the defendant is unemployed, he shall perform 24 hours of community service per week in a manner and at a rate approved by the U.S. Probation Department. The defendant will cooperate in allowing the Probation Department to confirm the community service is completed.

DEFENDANT: IVAN BOSTON
CASE NUMBER: 11-CR-107

Judgment — Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine   | Restitution |
|--------|------------|--------|-------------|
| TOTALS | $ 100.00   | $ 0.00 | $ 0.00      |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
|               |             |                     |                        |
| TOTALS        | $ 0.00      | $ 0.00              |                        |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: IVAN BOSTON
CASE NUMBER: 11-CR-107

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑ Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
See attachment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.



U.S. Department of Justice

*United States Attorney
Eastern District of New York*

271 Cadman Plaza
Brooklyn, New York 11201

Attachment to Judgment

May 10, 2012

**By Hand and ECF**

The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

    Re: United States v. Ivan T. Boston
        CR-11-0107 (DLI)

Dear Judge Irizarry:

Please be advised that the firearms named in the indictment were administratively forfeited by the United States Department of Justice, Bureau of Alcohol, Tobacco, and Firearms on January 16, 2011. A notice of administrative forfeiture is attached for your reference. A judicial forfeiture order will not be needed to dispose of the firearms.

Thank you for Your Honor's time and consideration.

                      Respectfully submitted,

                      LORETTA E. LYNCH
                      UNITED STATES ATTORNEY

        By: /s/ Michael Canty
              Michael Canty
              Assistant U.S. Attorney
              (631) 715-7874

cc: Elizabeth Macedonio

U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

# DECLARATION OF ADMINISTRATIVE FORFEITURE

August 17, 2011

Agency Case Number : 765050-11-0020
Seizure Number : 01
Asset Identification : See Attached List

On 01/16/2011 at Brooklyn, NY, the described property(ies) was/were seized for forfeiture pursuant to 18 USC Section 924(d).

In accordance with 19 USC 1602-1621, notice of the seizure and intent to forfeit was published on the following dates 03/10/2011, 03/17/2011, 03/24/2011 and was sent to each party who appeared to have an interest in this/these property(ies).

Because no claim was filed for the seized property within the time period provided by law from the date of the last publication of the Notice of Seizure or by the date required under the Personal Notice Letter mailed (whichever is applicable), it is hereby declared that the property referenced above by asset identification number or seizure number has been forfeited to the United States Government pursuant to Federal law.

Wanda L. Bossa
Chief

**Asset List for Declaration of Administrative Forfeiture**          August 17, 2011 (5:14pm)

**Agency Case:** 765050-11-0020  Boston, Ivan (Triggerlock)         **Seizure No:** 01

| ASSET ID | ASSET DESCRIPTION | ASSET VALUE | VIN/SERIAL NO |
|---|---|---|---|
| 11-ATF-007435 | High Standard Sentinel Mkiv Revolver CAL:22 SN:S21302 | $110.00 | S21302 |
| 11-ATF-007436 | Smith & Wesson SW380 Pistol CAL:380 SN:RAJ3931 | $110.00 | RAJ3931 |
| 11-ATF-007437 | 4 Rounds Fiocchi Ammunition CAL:380 | $0.40 | |